UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-1386 (RMC) |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

In this action brought *pro se*, plaintiff Emmanuel N. Lazaridis sues on behalf of himself, his minor child V.L., and "all others similarly situated." Compl. Caption. He challenges the alleged "unlawful policy" of the Social Security Administration ("SSA") to "suspend[]" or "den[y]" benefits "solely because there may exist an outstanding felony arrest warrant for a person otherwise entitled to such benefits . . . ." Compl. ¶ 1. Mr. Lazaridis seeks declaratory and injunctive relief or a writ of mandamus "against the Commissioner's unlawful policy." *Id*. In addition, Mr. Lazaridis seeks SSA records under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, about "him or V.L. . . . concerning their interest in the entitlement benefits accruing to them through their relation to . . . V.L.'s mother ("X") . . . ." *Id*. ¶ 2. Finally, Mr. Lazaridis purports to sue ten unknown "rogue" federal employees under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for constitutional violations stemming from the alleged unlawful withholding of SSA benefits. *Id*. ¶¶ 9, 111-12.

Defendants (hereafter SSA) move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a

claim upon which relief can be granted.  Mot. to Dismiss [Dkt. # 9].  Upon consideration of the parties' submissions, and for the reasons that follow, the Court will (1) grant the motion to dismiss the claims brought on behalf of V.L. and the "similarly situated" individuals under Rule 12(b)(1); (2) grant the motion to dismiss the SSA benefits and *Bivens* claims under Rule 12(b)(6); and (3) deny the motion to dismiss the FOIA claim based solely on the fugitive disentitlement doctrine.

## FACTUAL BACKGROUND

As recounted by the United States Court of Appeals for the Third Circuit in an action involving V.L.'s custody:

> Lazaridis currently resides in Greece with his daughter, V.L. . . . . Lazaridis and [ex-wife Lavina] Wehmer were married in 1995 in Indiana, and V.L. was born in July 2000.  In February 2002, the family moved to Wilmington, Delaware.  And in May 2002, they moved to Lyon, France.  However, in September 2002, Wehmer moved V.L. to Michigan (where Wehmer's family lives).  Lazaridis then initiated divorce proceedings in Michigan and France.  In November 2002, the Ottawa County Court in Michigan granted temporary custody to Lazaridis, and it is unclear what happened immediately thereafter.  However, at some point, Lazaridis took V.L. to Greece, where they still reside.

*Lazaridis v. Wehmer*, 288 Fed. Appx. 800, 801 (3d Cir. 2008) (footnote omitted).

### Mr. Lazaridis' SSA Benefits Claim

On August 18, 2010, Mr. Lazaridis commenced this action – his third in this Court – alleging, among other wrongs, that the "SSA has shockingly permitted [his and V.L's] claims . . . for spousal and dependent child benefits . . . to remain pending and without resolution or certification of payments since June 2007."  Compl. ¶ 3.  He claims that said benefits are owed "from February 2002 onwards."  *Id*.

According to a declaration supplied by the SSA and corroborated in pertinent part

2

by the complaint's allegations, V.L.'s mother, Ms. Wehmer, applied for disability insurance benefits on February 24, 2003, and, upon her entitlement to said benefits, V.L. became entitled to child's benefits.  Reply in Supp. of Defs.' Mot. to Dismiss, Decl. of Melissa Pringle ("Pringle Decl.") [Dkt. # 13-1] ¶ 3.  V.L received "a protective filing date of February 24, 2002[,] [which] ensured that if an application were filed on V.L.'s behalf and approved, V.L. would receive retroactive benefits dating back to the protective filing [date]."  *Id*.

On June 5, 2007, Mr. Lazaridis faxed a letter to the Regional Federal Benefits Office in Athens, Greece, inquiring about V.L.'s benefits.  *Id*. ¶ 6.  On July 3, 2007, that office informed Mr. Lazaridis that "V.L. was protected as of February 2002, under the numberholder's [Wehmer] record[,]" and that V.L. could receive benefits retroactively if an application were filed on V.L's behalf.  *Id*. ¶ 7.  The letter included filing instructions, "notified Mr. Lazaridis that there was a pending warrant for his arrest[,] and requested that he provide evidence showing that the warrant had been resolved."  *Id*.  On August 2, 2007, Ms. Wehmer filed a claim for child's benefits on V.L.'s behalf.  *Id*. ¶ 8.  Thus, when Mr. Lazaridis submitted another application in September 2007, "it was not necessary to enter a second claim into the processing system."  *Id*. ¶ 9; *see* Compl., Ex. A (SSA Letter stating same).

On September 17, 2007, SSA informed Mr. Lazaridis that his "application for Child's Benefits on behalf of V.L. had been received along with his form SSA-21, Supplement to Claim of a Person Outside of the United States, and only the first page of form SSA-11BK, Request to be Selected as Payee, filed by Marina Fanioudaki."  Pringle Decl. ¶ 10.  On October 2, 2009, Mr. Lazaridis inquired about the status of the claim filed on V.L.'s behalf.  "He noted that he had not filed an application to be [V.L's] representative payee and that he had not filed any

application for benefits on his own behalf," but "that he wanted the letter to serve as an application for both husband's benefits and to be V.L.'s representative payee. Because Mr. Lazaridis did not file the proper forms and provide the required information to process his requests, [the letter] [was] not considered [a] valid application[]." *Id*. ¶ 12; *see* Compl. ¶ 83 (stating that "the plaintiff applied for spousal benefits on his own behalf and for designation as his child's representative payee" on October 2, 2009).

On December 3, 2010, Mr. Lazaridis submitted to the Athens regional office an application to serve as representative payee for V.L. and an application for spousal benefits, which are being processed. *See* Pringle Decl. ¶¶ 14-18. "V.L.'s benefits have been placed in delayed status," but they "continue[] to accrue" from February 24, 2002, and "will be released upon identification of an appropriate representative payee." *Id*. ¶ 19.

### Mr. Lazaridis' FOIA Claim

Mr. Lazaridis alleges that on October 7, 2008, he submitted a FOIA request for "all records concerning V.L. and X as well as all records concerning the plaintiff's June 5, 2007 request for payment of benefits to V.L., pursuant to the Privacy Act of 1974 and the FOIA." Compl. ¶ 94. SSA denied Mr. Lazaridis' request on February 2, 2009, and denied his appeal on September 8, 2009, allegedly because "(a) Greek courts are not of competent jurisdiction to demand release of SSA records, (b) the plaintiff is not V.L.'s guardian, (c) the plaintiff cannot be determined to be acting in V.L.'s best interests, and (d) there is no public interest in disclosure of the requested information." *Id*. ¶ 97.

## DISCUSSION

1. Subject Matter Jurisdiction

SSA argues for dismissal under Rule 12(b)(1) because Mr. Lazaridis has not established his standing to sue on V.L.'s behalf. *See* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem") [Dkt. # 9] at 13-14. This Court previously determined that Mr. Lazaridis "lacks standing to sue on V.L.'s behalf because he is neither an attorney nor V.L.'s duly appointed representative as defined by Federal Rule of Civil Procedure 17(c)(1)," *Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 67 (D.D.C. 2010), and it finds no basis for departing from that determination here. In addition, "a lay person such as Mr. Lazaridis can appear *pro se* but is not qualified to appear as counsel for others." *Id*. (citing *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *Delaney v. Dist. of Columbia*, 612 F. Supp. 2d 38, 41 (D.D.C. 2009)). Therefore, Mr. Lazaridis also lacks standing to prosecute the claims of any "similarly situated" individuals. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"); Fed. R. Civ. P. 23(g) ("Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.").

Because "[t]he defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), the Court will grant SSA's motion to dismiss the claims brought on behalf of V.L. and any "similarly situated" individuals under Rule 12(b)(1).

   2. The Benefits Claim

SSA argues for dismissal of the benefits claim on the ground that Mr. Lazaridis failed to exhaust his administrative remedies. *See* Defs.' Mem. at 10-11. Because the requirements for exhaustion as specified by the Social Security Act can be tolled or waived due to equitable considerations, *Hall v. Sebelius*, 689 F. Supp. 2d 10, 22 (D.D.C. 2009), the Court

must consider whether exhaustion has occurred or whether it should be excused. *Id*. at 21.

Mr. Lazaridis admits that his requests for benefits and to serve as V.L.'s representative payee have not been decided. Compl. ¶¶ 88-89. Furthermore, SSA states that it is processing Mr. Lazaridis' applications received in December 2010 and, as a general rule, exhaustion under the Social Security Act requires "(1) an initial determination, (2) reconsideration, (3) a hearing before an administrative law judge and, finally, (4) Appeals Council review." *Hall*, 689 F. Supp. 2d at 22 (citing 20 C.F.R. § 404.900(a)(1)). Mr. Lazaridis' admitted failure to exhaust his administrative remedies prior to filing this lawsuit is fatal to his claim unless the Court determines that the exhaustion requirement should be excused.

"In this circuit, the exhaustion requirement may be waived only in the most exceptional circumstances." *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Tr. of UDC*, 56 F.3d 1469, 1475 (D.C. Cir. 1995). One such circumstance is where a plaintiff can demonstrate that exhaustion would be futile. *See id*. The futility exception only applies where exhaustion would be "clearly useless," such as where the agency "has indicated that it does not have jurisdiction over the dispute, or because it has evidenced a strong stand on the issue in question and an unwillingness to reconsider the issue." *Randolph-Sheppard Vendors v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir.1986). Even then, "where an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider, [the District of Columbia Circuit] require[s] the certainty of an adverse decision or indications that pursuit of administrative remedies would be clearly useless." *UDC Chairs Chapter*, 56 F.3d at 1475.

Similarly, exhaustion may be excused where "an agency has adopted a policy or

pursued a practice of general applicability that is contrary to the law[.]" *DL v. Dist. of Columbia*, 450 F. Supp. 2d 11, 17 (D.D.C. 2006) (citations omitted). For example, courts have recognized the futility of exhaustion where a plaintiff "do[es] not challenge an individual . . . decision by [the agency] where agency expertise would be important" but instead challenges the agency's "policy, pattern, and practice" or "systemic failure to comply with" federal law. *See id*. at 18; *see also Tataranowicz v. Sullivan*, 753 F. Supp. 978, 987 (D.D.C. 1990), *rev'd on other grounds*, 959 F.2d 268 (D.C. Cir. 1992) ("[W]here a claimant alleges more than deviation from applicable regulations and instead asserts a 'systemwide . . . policy that [is] inconsistent in critically important ways with established regulations' and which does not depend on the particular facts of the claimant's case, the exhaustion requirement may be excused.") (quoting *Bowen v. City of New York*, 476 U.S. 467, 485 (1986)).

Mr. Lazaridis baldly asserts in the complaint that SSA has a policy of denying benefits to individuals otherwise entitled to benefits "solely because there may exist an outstanding felony arrest warrant." Compl. ¶ 1. However, he admits that he has not been denied benefits for that reason, or for any other reason, *see id*. ¶¶ 88-89, and SSA indicates that he is mistaken about the policy. *See* Reply [Dkt. # 13] at 3 n.1 ("Pursuant to the *Martinez v. Astrue* Settlement, Lazardis is not barred from receiving benefits by virtue of his warrant or precluded from being named Representative Payee[,]" but "the field office may consider the reason for the warrant and the payee/beneficiary relationship in making a suitability determination."). The Court finds no basis for excusing Mr. Lazaridis from the exhaustion requirement and, thus, will grant SSA's motion to dismiss the benefits claim for his failure to exhaust.

3. The FOIA Claim

SSA argues that Mr. Lazaridis' claims should be barred by the fugitive disentitlement doctrine. *See* Defs.' Mem. at 17-20. This Court previously determined that the Department of Justice had failed to establish "the requisite connection between Mr. Lazaridis' fugitive status and [the FOIA] proceedings," *Lazaridis*, 713 F. Supp. 2d at 69, and it finds no reason to depart from that finding here. Therefore, SSA's motion to dismiss Mr. Lazaridis' FOIA claim based solely on the fugitive disentitlement doctrine will be denied.

4.  <u>The *Bivens* Claim</u>

Mr. Lazaridis alleges that "[a]n unknown number of rogue federal employees, provisionally fixed at ten individuals . . . explicitly or implicitly agreed . . . to deprive the plaintiff and his minor child of their constitutional rights . . . ," Compl. ¶ 112, by "unlawfully withhold[ing] from them the social security benefits to which they have been entitled since February 2002." *Id*. ¶ 111.

*Bivens* authorizes a "private action for damages" to be brought against federal employees who violate certain constitutional rights. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). SSA argues correctly that Mr. Lazaridis cannot maintain a *Bivens* claim against the "unknown" federal employees because the comprehensive remedial scheme of the Social Security Act has been found to preclude such a claim. *See* Defs.' Mem. at 11-13; *Schweiker v. Chilicky*, 487 U.S. 412, 424-29 (1988) (declining to extend *Bivens* remedy to Social Security Act claims). Besides, Mr. Lazaridis' accusation based on nothing but his belief "that the lengthy delay in satisfying [his] applications was orchestrated by employees of DOJ . . . and/or the Department of State . . . in conjunction with employees of the SSA acting outside their official authority," Mem. of Law in Opp'n to Defs.' Mot. to Dismiss [Dkt. # 11] at 7, is not only belied

by the record establishing the agency's good-faith responses to his inquiries, but is simply frivolous.  *See, e.g., Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981) (finding complaints "postulating events and circumstances of a wholly fanciful kind" subject to dismissal as frivolous).  Thus, SSA's motion to dismiss the *Bivens* claim under Rule 12(b)(6) will be granted.

## CONCLUSION

For the reasons stated above, the Court will grant  Defendants' motion to dismiss all of Mr. Lazaridis' claims except the FOIA claim, which the Court declines to dismiss under the fugitive disentitlement doctrine.  A separate memorializing order accompanies this Memorandum Opinion.


Date: April 19, 2012                              /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge